■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO JONES, Appellant.— Judgment of conviction and sentence unanimously modified on the law, the facts, and in the exercise of discretion, to the extent of reducing the sentence to time already served and the judgment, as so modified, is affirmed. In view of defendant's circumstances, the fact that the crime arose out of an accidental intervention without motive, and in view of the long time that has elapsed since the defendant's last incarceration on this charge, it would be inhumane to require the defendant to resume service of the balance of his sentence. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.

■ RAYMOND R. COLTON, Respondent, v. NATIONAL BISCUIT COMPANY, Appellant.— Order, entered May 20, 1965, unanimously modified in the exercise of discretion, so as to direct that there be a separate trial on the issue of liability and the order, as so modified, is affirmed, without costs or disbursements. In the meantime, the examination before trial is stayed. We believe that a separate trial of the issue of liability would expedite the disposition of the action. Settle order on notice. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ LOEW'S THEATRE & REALTY CORPORATION v. 105 SECOND AVENUE ENTERPRISES, INC., et al.— Motion for a stay granted on condition that defendants-appellants post a bond in the sum of $25,000 (*Ziegler* v. *Elliott Camp Corp.*, 62 N. Y. S. 2d 74; 15 Carmody-Wait, New York Practice, § 190, p. 317), and on the further condition that appellants procure the record on appeal and appellants' points to be served and filed on or before August 10, 1965, with notice of argument for the September 1965 Term of this court. Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.

## (July 13, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN GLAZER, Appellant.— Judgment of conviction unanimously reversed, on the law, and a new trial directed. At such new trial this court concludes that the confession previously introduced in the trial of the defendant shall be excluded. (*Escobedo* v. *Illinois*, 378 U. S. 478.) The confession was obtained while counsel was denied access to his client and is subject to the infirmity declared in *Escobedo* v. *Illinois* (*supra*). Concur — Botein, P. J., Valente, McNally, Stevens and Staley, JJ.

■ HYMAN L. FEDERMAN, Appellant, v. SMILEN FOOD STORES, INC. et al., Respondents.— Order, entered June 9, 1965, unanimously affirmed, with $30 costs and disbursements to respondents, with leave to apply for permission to serve an amended complaint, limited solely to a representative action. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.